AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| United States of America<br>v.<br>DELORA NEAL<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) | Case No.<br>24-MJ-4007 (MJS) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __9/26/23 through 12/18/23__ in the county of __Camden__ in the _____ District of __New Jersey__, the defendant(s) violated:

| Code Section | Description of Offenses |
|---|---|
| Title 18, USC, §§ 933(a)(1), 922(g)(1), 922(o), 924(a)(2), and 922(a)(1)(A) | Trafficking in Firearms, Possession of a Firearm by a Convicted Felon, Possession of a Machinegun, Engaging in the Business of Dealing Firearms Without a License |
| | See Attachment A. |

This criminal complaint is based on these facts:
See Attachment B

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Gerard Infantino, Special Agent, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__telephone__ *(specify reliable electronic means)*.

Date: __2/7/24__

_____
*Judge's signature*

City and state: __District of New Jersey__    Hon. Matthew J. Skahill, U.S. Magistrate Judge
*Printed name and title*

CONTENTS APPROVED
UNITED STATES ATTORNEY

By: *[signature]*

Katelyn R. Waegener
Special Assistant U.S. Attorney

Date: February 7, 2024

# ATTACHMENT A

## COUNT ONE
### (Trafficking in Firearms)

Between on or about September 26, 2023 and on or about December 18, 2023, in Camden County, in the District of New Jersey and elsewhere, defendant,

## DELORA NEAL

did knowingly and willfully ship, transport, transfer, cause to be transported, and otherwise dispose of firearms, that is, Glock variant PMF pistols, to another person, in and otherwise affecting interstate and foreign commerce, knowing and with reason to believe that the use, carrying, and possession of firearms by the recipient would constitute a felony.

In violation of Title 18, United States Code, Section 933(a)(1).

## COUNT TWO
### (Possession of a Firearm by a Convicted Felon)

On or about December 18, 2023, in Camden County, in the District of New Jersey, and elsewhere, defendant,

## DELORA NEAL

knowing that she had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting interstate commerce two firearms, namely, two privately made firearms, Glock type platform pistols, and two Glock type machine gun conversion devices bearing no serial numbers.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THREE
(Possession of a Machinegun)

On or about December 18, 2023, in Camden County, in the District of New Jersey, and elsewhere, defendant,

DELORA NEAL,

did knowingly possess and transfer machineguns, that is, privately made machine gun conversion devices (bearing no manufacturer's marks of identification or serial number as required) that are solely designed and exclusively intended for converting a firearm to shoot automatically more than one shot, without manual reloading, by a single function of the trigger, which qualifies as a machinegun as defined in Title 26, United States Code, Section 5845(b).

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT FOUR
### (Engaging in the Business of Dealing Firearms Without a License)

Between on or about September 26, 2023 and on or about December 18, 2023, in Camden County, in the District of New Jersey and elsewhere, defendant,

### DELORA NEAL

not being a licensed dealer, did willfully engage in the business of dealing in firearms, namely privately made Glock variant PMF pistols and two machine gun conversion devices bearing no serial numbers.

In violation of Title 18, United States Code, Sections 922(a)(1)(A).

## ATTACHMENT B

1. I, Special Agent Gerard Infantino, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, photographs and video recordings of the evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date and time, I am asserting that it took place on or about the date and time alleged.

2. From in September 2023 through February 2024, ATF agents conducted a covert criminal investigation of DELORA NEAL for suspected firearms trafficking in and around the City of Camden, Camden County, New Jersey. The investigation involved multiple purchases between an ATF Confidential Informant ("CI") and DELORA NEAL, during which firearms were purchased. During the controlled purchases, the CI was equipped with recording devices.

**Controlled Purchase September 26, 2023**

3. On or about September 18, 2023, the CI stated that during a phone conversation with DELORA NEAL, she indicated that she orders firearms parts and builds the firearms in Delaware. She also advised the CI that she was waiting on firearms parts to build a firearm for the CI and expected the parts to arrive soon. Later that day, NEAL contacted the CI to advise that a firearm was ready for sale. The CI and NEAL arranged for a meeting on September 26, 2023.

4. On September 26, 2023, DELORA NEAL arrived at the Ferry Avenue Train Station in Camden, New Jersey in a 2017 gray Honda Accord, bearing New Jersey registration

T82SKE. Once DELORA NEAL arrived, the CI entered the vehicle and DELORA NEAL drove out of the train station parking lot, ultimately stopping near 8th and Central Avenue in Camden, New Jersey.

5. DELORA NEAL stated that she and another unnamed person make firearms from parts and that she could provide rifles for $1,500, with a deposit of $700. DELORA NEAL stated that she could acquire ammunition for $30 per box and that she could repair broken firearms for $200. She also told the CI to never to throw a firearm away because DELORA NEAL could provide new barrels for the firearms. She explained that her knowledge of firearms came from being in the military and that she had been "kicked out." DELORA NEAL also indicated that she sold Percocet pills for $45 a pill.

6. During the conversation, DELORA NEAL displayed a black pistol style firearm to the CI and indicated that it was her personal firearm which she owned for a few years. She added that she kept an AR style rifle at her residence. While the CI was in the vehicle, DELORA NEAL kept her personal firearm between the driver's side seat and the driver's side door. DELORA NEAL kept the firearm she planned on selling to the CI in the center console of the vehicle.

7. The CI provided $500 to DELORA NEAL in exchange for a Taurus Pistol, Model PT 111, 9mm, bearing serial number TVK95480 and eight rounds of 9mm ammunition. During this and each subsequent controlled purchase, the money paid by the CI to DELORA NEAL was provided to the CI by ATF agents. The CI also provided an additional $1,000 to DELORA NEAL as a deposit for two more firearms which DELORA NEAL stated that she could provide to the CI at a later date.

**Controlled Purchase October 6, 2023**

8. On October 6, 2023, ATF agents observed DELORA NEAL arrive at the Ferry Avenue Train Station in Camden, New Jersey in the Honda Accord. Once the vehicle was parked, the CI entered the passenger seat and DELORA NEAL drove to the Dollar General on Ferry Avenue in Camden, New Jersey. DELORA NEAL told the CI that parts for rifles were on backorder and not in the United States, but that she could sell pistols to the CI. The CI explained to DELORA NEAL that the firearms were needed because they were being provided to people involved in a street "war."

9. During the meeting, DELORA NEAL told the CI she could not obtain Percocet pills but instead could sell the CI three privately made firearms ("PMFs") instead of two. The CI provided DELORA NEAL a total of $2,500 in exchange for three, Glock variant PMF pistols. The price also included a $500 deposit for another PMF pistol which DELORA NEAL indicated would be ready for sale at a later date.

**Controlled Purchase October 19, 2023**

10. On October 19, 2023, ATF agents observed DELORA NEAL arrive in the Honda Accord at the Ferry Avenue Train Station in Camden, New Jersey. The CI entered the vehicle and DELORA NEAL began circling the area. DELORA NEAL told the CI that the firearms she sold to the CI could not be traced. DELORA NEAL indicated that she understands ballistics and that she knows how to alter firearm barrels to circumvent the ability to link firearms to shootings. She also told the CI she could repair firearms for a fee and could sell a larger amount of firearms if provided enough notice. The CI discussed life "in the streets" and described dealing with problematic adversaries. In response DELORA NEAL indicated that she would be willing to shoot someone for the CI. DELORA NEAL also indicated that she is a member of the Bloods Street Gang.

11. While in the vehicle, the CI provided a total of $1,500 to DELORA NEAL which included paying $500 for a balance owed and $1,000 as a deposit for another two PMF pistols to be purchased at a later date. In exchange, DELORA NEAL provided the CI with one Glock variant PMF pistol.

**Controlled Purchase November 1, 2023**

12. On November 1, 2023, agents observed DELORA NEAL arrive in the Honda Accord at Ferry Avenue Train Station in Camden, New Jersey. The CI entered the vehicle and DELORA NEAL began circling the area.

13. DELORA NEAL stated that she thought the ATF was "cracking down" on websites that sold firearms products. DELORA NEAL explained to the CI that she could obtain machine gun conversion devices ("MCDs") or "switches" through a gun club and would be willing to sell those to the CI. MCDs allow a firearm to be converted from semi-automatic to automatic.

14. While in the vehicle, the CI provided a total of $2,000 to DELORA NEAL, which included paying $1,000 for a balance that the CI owed for two Glock variant PMF pistols and $1,000 deposit for two additional PMF pistols to be purchased at a later date. In exchange, DELORA NEAL provided the CI with two Glock variant PMF pistols. DELORA NEAL also displayed another pistol, which she described as her personal weapon. DELORA NEAL indicated she would not sell her personal weapon to the CI and described it as "her baby."

**Controlled purchase November 30, 2023**

15. On November 30, 2023, agents observed DELORA NEAL arrive at the Ferry Avenue Train Station in Camden, New Jersey in the Honda Accord. The CI entered the vehicle and engaged in conversation with DELORA NEAL while the two circled the area.

16. While in the vehicle, the CI provided a total of $2,500 to DELORA NEAL, which included paying $1,000 for a balance owed for the two Glock variant PMF pistols and $1,500 as a deposit for another two PMF pistols and two MCDs. In exchange, DELORA NEAL provided the CI with two Glock variant PMF pistols in a white envelope.

**Controlled Purchase on December 18, 2023**

17. On November 17, 2023, the Honorable Elizabeth A. Pascal, U.S.M.J., approved the use of a GPS tracking warrant on the Honda Accord used by DELORA NEAL. On December 18, 2023, using data from the GPS tracker, agents observed DELORA NEAL travel through Delaware and Pennsylvania before arriving at the Ferry Avenue Train Station in Camden, New Jersey to meet the CI. Agents did not observe DELORA NEAL make any stops prior to arriving at the meet location.

18. Agents observed DELORA NEAL arrive at the Ferry Avenue Train Station in Camden, New Jersey in the Honda Accord. The CI entered the vehicle and engaged in conversation with DELORA NEAL. The CI provided $1,500 to DELORA NEAL, who provided the CI with a white envelope containing two PMF pistols and two MCDs.

19. The PMF pistols and MCDs were analyzed by ATF personnel at the ATF Firearms & Ammunition Technology Division. A review of the items determined that they met the definition of a "machinegun" as defined under Title 26, United States Code, Section 5845(b). It was also determined the items bear no manufacturer's markings of identification or serial numbers as required by Title 26, United States Code, Section 5842.

20. Because DELORA NEAL traveled with the firearms from Delaware to New Jersey, without stopping, the firearms traveled in interstate commerce.

21. A query of the ATF National Licensing Center shows that DELORA NEAL does not have a federal firearms license from the Bureau of Alcohol, Tobacco, Firearms and Explosives to manufacture or sell firearms nor does DELORA NEAL have any National Firearms Act ("NFA") weapons registered in her name.

22. On February 20, 2015, DELORA NEAL was convicted in the Camden County, New Jersey, Superior Court of one count of Possession of CDS, in violation of N.J.S.A. § 2C:35-10a(1). DELORA NEAL was sentenced to three years' probation. The crime DELORA NEAL was convicted of is punishable by imprisonment for a term exceeding one year. Therefore, DELORA NEAL is prohibited by federal law from possessing a firearm or ammunition.

23. DELORA NEAL possessed a machinegun in violation of the NFA. NFA weapons are regulated by a tax stamp, which is necessary for legal possession of these weapons. Possession of an illicit NFA weapon is an impediment of the proper tax stamp. NFA weapons must also contain a serial number and possession of an NFA weapon without a serial number is a violation of the NFA. Possession of a weapon in violation of the NFA has an implied affect on interstate commerce. Therefore, DELORA NEAL's possession of the PMF machinegun, in violation of the NFA, was "in or affecting commerce."

24. Each firearm was tested by a ballistician with the New Jersey State Police Office of Forensic Sciences, Ballistics Unit and all the firearms were found to be capable of discharging a projectile by action of an explosion.

_____
Gerard Infantino
Special Agent, ATF

Pursuant to Fed. R. Crim. P. 4.1, Special Agent Gerard Infantino was sworn and attested to the contents of this affidavit in support of the issuance of an arrest warrant and criminal complaint charging defendant DELORA NEAL with Trafficking in Firearms, Possession of a Firearm by a Convicted Felon, Possession of a Machinegun, and Engaging in the Business of Dealing Firearms Without a License.

By telephone
MQS

_____   2/7/24
HON. MATTHEW J. SKAHILL      Date
United States Magistrate Judge

7